**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| AMY GOODWIN, | CASE NO. 5:24-CV-00589-PAG |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS** [ECF #2] |
| Defendant. | |

## INTRODUCTION

Plaintiff Amy Goodwin has filed an Application to Proceed In Forma Pauperis. (ECF #2). This matter is before me pursuant to a referral under Local Civil Rule 72.2 for preparation of a Report and Recommendation. (Non-document entry of April 1, 2024). As detailed below, I recommend the Application to Proceed In Forma Pauperis be **DENIED** and Ms. Goodwin be required to pay the filing fee in full to proceed in this matter.[1]

## BACKGROUND

On April 1, 2024, Ms. Goodwin filed an application to proceed in forma pauperis. (ECF #2). She reported she has no monthly income but her spouse has monthly income of approximately $3,200, which exceeds their reported total monthly household expenditures by nearly $700. (ECF #2). Her spouse's yearly income of $38,400 is well above the poverty level for a family of two.[2] The application gives no indication that Ms. Goodwin anticipates any material

---

[1] I issue this Report and Recommendation pursuant to *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990), which holds that denial of motion to proceed in forma pauperis is outside the scope of Magistrate Judge's authority because "denial of such a motion is the functional equivalent of an involuntary dismissal." *Id.* at 187.

[2] For a family of two living in the contiguous 48 states, the 2024 federal poverty guideline is $20,440. Office of the Assistant Secretary for Planning and Evaluation, *Poverty*

1

change in her or her spouse's income or expenses in the next 12 months. (*Id.* at PageID 10). She also indicates she is not spending any money for expenses or attorney fees in this matter (*id.*), which is inconsistent with the normal practice seen in this Court.

Because I found the application deficient in several respects, on April 1, 2024, I ordered Ms. Goodwin to "supplement her application explaining why she cannot pay the fees or costs of the case without undue hardship" and invited her to "provide any other information she believes pertinent to her request to proceed *in forma pauperis*." (ECF #4). Alternatively, I indicated she could pay the filing fee in full. (ECF #4). I set a deadline of April 15, 2024 for her to comply. (*Id.*). That deadline has now passed, and Ms. Goodwin has neither supplemented her application nor paid all or any part of the required filing fee.

LAW AND ANALYSIS

A plaintiff may proceed in forma pauperis if "the person is unable to pay such fees or give security" as required for a suit's filing. 28 U.S.C. § 1915(a)(1). In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standards governing applications to proceed *in forma pauperis*, noting that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed in forma pauperis generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

As noted above, Ms. Goodwin is unemployed, but her spouse is employed. Their combined monthly income exceeds both their combined monthly expenses and the federal poverty

---

*Guidelines,* http://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last accessed Apr. 1, 2024). Ms. Goodwin did not report that she or her spouse support any other dependents. (ECF #2 at PageID 8).

2

guideline for a family of two living in the contiguous 48 states. Ms. Goodwin has not otherwise explained why paying the filing fee would impose on her an undue hardship, even though I explicitly invited her to provide any such information.

Ultimately, this appears to be a case where Ms. Goodwin must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-cv-14424, 2012 WL 5457466, at *2(E.D. Mich. Oct. 16, 2023). Financial ability has been found, and thus pauper status denied, where income and assets exceed monthly expenses. *See, e.g., Gonzalez v. Comm'r of Soc. Sec.*, No. 1:18-cv-890, 2018 WL 11435256 (N.D. Ohio May 3, 2018); *Hasselback v. Comm'r of Soc. Sec.*, No. 3:17-2017 WL 3032430 (E.D. Ky. July 14, 2017); *Boykin v. Comm'r of Soc. Sec.*, 1:17 CV 235, 2017 WL 1023795 (N.D. Ohio Mar. 16, 2017). Moreover, "[i]n addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles." *Levet v. Comm'r of Soc. Sec. Admin.*, No. 1:14-CV-01378, 2014 WL 3508893, at *2 (N.D. Ohio July 15, 2014) (quotation omitted).

CONCLUSION

For the foregoing reasons, I recommend that Ms. Goodwin's Application to Proceed In Forma Pauperis be **DENIED** and that she be required to pay the filing fee in full to proceed in this matter.

Dated: April 16, 2024

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

OBJECTIONS, REVIEW, AND APPEAL

**Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.**

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).